No. 87-187

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

STATE OF MONTANA,

                 Plaintiff and Respondent,

        -vs-

FRANK RODRIGUEZ,

                 Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

              John L. Adams, Billings, Montana

        For Respondent:

              Hon. Mike Greely, Attorney General, Helena, Montana
              Dorothy McCarter, Asst. Atty. General, Helena
              Harold Hanser, County Attorney, Billings, Montana
              Donna Heffington, Deputy County Attorney, Billings

_____

                              Submitted on Briefs: Aug. 27, 1987

                                   Decided:   October 22, 1987

Filed:   OCT 22 1987

_____
                    Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from the Thirteenth Judicial District, Yellowstone County, from a conviction of theft.

We affirm the District Court.

Defendant, Rodriquez, raises two issues on appeal:

1. Whether Art Walker's testimony was accomplice testimony and subject to the requirements of corroborating evidence.

2. Whether there was sufficient corroborating evidence to support the alleged accomplice testimony.

Defendant, Frank Rodriguez, was charged and convicted of the crime of felony theft. The alleged theft took place on March 28, 1986, at a Billings electronic store called U.S. Tech. Around 1:30 on that date, a woman and two men entered the store and began browsing. Store personnel approached the woman several times but offers of assistance were refused. The woman carried a large white handbag on her shoulder. She was seen by store employees talking to one of the two men which she came in with. The woman looked mainly at CamCorders, and the men showed interest in car stereos. While in a part of the store away from the area displaying CamCorders, the men occupied the attention of a clerk by asking questions about various pieces of electronic equipment. After about fifteen minutes, the woman left the store. She returned in a few minutes with a black handbag. Shortly thereafter, all three left the store.

At four o'clock that afternoon, a CamCorder valued at $1156 was found to be missing. The theft was reported to the police. From photo lineups, the woman and defendant were

identified by a store employee. The woman's name is Jillanne Kittelson.

A pawn shop manager testified that one afternoon in March 1986, Jillanne Kittelson brought a CamCorder into the shop to try to sell it. The manager knew Jillanne, as she is the daughter of the owner of the pawnshop. He did not buy the CamCorder, but did mistakenly leave a tape used for testing in the camera. The tape was later identified by the manager at the police station when the CamCorder was recovered.

Two other witnesses, Art Walker and Curt Schlosser, testified at trial. Walker apparently contacted Schlosser, telling him he had a CamCorder for sale for $500. Schlosser bought the CamCorder and then discovered that it did not have a battery. Schlosser called several stores, including U.S. Tech, trying to find the correct battery. After describing the camera to an employee at U.S. Tech, his name and phone number were taken and a police officer was sent to Schlosser's house to recover the camera. The store owner identified the CamCorder as the one stolen from U.S. Tech.

Walker testified that he got the camera from Frank Rodriguez and Jillanne Kittelson on March 29, 1986. Walker was acquainted with the two and had mentioned to them that Schlosser was interested in buying a CamCorder.

On March 29, Walker went to Kittelson's home, picked up the camera and took it to Schlosser in exchange for $500. Walker kept $150 but gave $350 to Kittelson who gave the money to defendant. Walker testified that he was unaware that the camera was stolen until he went to Kittelson's house to pick it up. At that time, defendant and Kittelson bragged about the theft to Walker, describing their actions at U.S. Tech in detail.

3

A jury convicted defendant of felony theft. He was sentenced to five years in prison with four years suspended. Jillanne Kittelson disappeared before her trial date and is still missing at this time. The record does not mention the identity or whereabouts of the third person who seemingly took part in the theft of the CamCorder.

The first issue raised by the defendant on appeal is whether Art Walker's testimony was accomplice testimony and subject to the requirements of corroborating evidence.

Defendant's issues are without merit. An accomplice is one who knowingly, voluntarily and with common intent with a principal offender unites in the commission of a crime. State v. Bad Horse (1980), 185 Mont. 507, 516-517, 605 P.2d 1113, 1118.

Defendant and Jillanne Kittelson were accomplices in the theft of the CamCorder. Art Walker was not. Art Walker testified that he learned that the camera was stolen when he received it from Kittelson and defendant. There is nothing on the record to indicate that Walker had anything to do with planning the commission of the theft.

Walker knowingly received and sold stolen property. This is an offense separate and distinct from the crime of theft. A thief cannot be an accomplice of a receiver of stolen property. State v. LaMere (Mont. 1983), 658 P.2d 376, 379, 40 St.Rep. 110, 114. Walker's testimony implicating the defendant need not be corroborated with any other evidence.

As to the second issue of whether there was sufficient corroborating evidence to support the alleged accomplice testimony, we have found that Walker was not an accomplice of defendant. The second issue is therefore rendered moot by this decision.

The decision of the District Court is affirmed.

4

_____
William E. Hunt Sr.
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5