No. 87-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

KENT LAVERN KEIL

      Defendant and Appellant

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Pondera,
The Honorable Ronald D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry Jent, Bozeman, Montana

    For Respondent:

        Honorable Mike Greely, Attorney General, Helena,
Montana
Betsy Brandborg, Assistant Attorney General,
Douglas Anderson, Pondera County Attorney, Conrad,
Montana

Submitted on Briefs: February 4, 1988

Decided:MAR 1 7 1988

Filed: MAR 1 7 1988

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Defendant Keil appeals a jury conviction for reckless driving in attempting to elude a peace officer. On June 8, 1987, Keil was fined $300 and sentenced to thirty days in the Pondera County jail, with all thirty days suspended. We affirm.

Keil presents two issues for our review:

1. Does the offense of reckless driving as defined in § 61-8-301(1)(b), MCA, require the use of a siren by a pursuing highway patrolman?

2. Did the District Court abuse its discretion in denying Keil's motion for acquittal?

On the night of May 8, 1986, highway patrolman Sam Harris was driving north toward Conrad, Montana. Officer Harris noticed the headlights of a southbound car approaching him at high speed. The patrolman's radar detector clocked the approaching car at 96 miles per hour.

As the car passed him, Officer Harris immediately turned on his flashing lights and began his pursuit. The patrolman saw the car's brake lights momentarily illuminate, then go off as the car stretched its lead. One-quarter mile after pursuit began, Officer Harris noticed beer cans, a cardboard beer carton and fresh "spew marks" on the highway. The debris had not been there prior to the car's passage.

During the chase, Officer Harris radioed the local sheriff and learned that the car was registered to Dale and Sherry Keil of Ledger, Montana. The sheriff contacted the Keils, who stated that the car was probably being driven by their son, Kent Keil.

Pursuit speeds reached 110 miles per hour. Officer Harris testified that the Keil car "had more engine that I

had." Eventually, Officer Harris lost sight of the car in the town of Brady. He abandoned the chase.

Officer Harris returned to the area of the pursuit and retrieved several Rainier beer cans from the highway. Officer Harris drove to Conrad. He then proceeded toward Brady by an alternate route. He again met the Keil car which was now traveling slowly toward Conrad. The car's engine was very low on oil and knocking. Officer Harris turned on his flashing lights and the car stopped immediately. The driver was Kent Keil.

Officer Harris cited Keil for speeding and reckless driving by attempting to elude a peace officer. Keil pleaded guilty to night speeding. However, he pleaded not guilty to reckless driving. Keil was subsequently convicted by a jury in justice court. He appealed to the District Court, where a jury trial de novo again found him guilty.

Issue 1. Use of a siren.

Keil was convicted of violating § 61-8-301(1)(b), MCA, which states:

> A person commits the offense of reckless driving if he . . . operates any vehicle in willful or wanton disregard for the safety of persons or property while fleeing or attempting to <u>flee</u> <u>from</u> <u>or</u> <u>elude</u> a <u>peace</u> <u>officer</u> who is lawfully in pursuit and whose vehicle is at the time in <u>compliance</u> <u>with</u> <u>the</u> <u>requirements</u> <u>of</u> <u>61-9-402</u>. [Emphasis added.]

Section 61-9-402, MCA, states: "(1) A police vehicle shall be <u>equipped</u> with a siren capable of giving an audible signal and may, but need not, be equipped with alternately flashing or rotating red or blue lights as specified herein." (Emphasis added.)

3

Keil contends that the word "equipped" mandates the "use" of a siren. Keil asserts that he is not guilty because Officer Harris did not use his siren, which Keil argues is an essential element of the offense.

Keil's argument is without merit. Section 61-9-402 simply requires that the police car be equipped with a siren. The mere presence of the siren on the car does not mandate its use. Such use is optional. As Officer Harris testified: "The siren, for the most part, works to alert pedestrians or somebody who is out of a vehicle. If you get more than 100 feet behind the car traveling at a very high rate of speed, you cannot hear the siren at all."

By the plain language of the statute, we hold that the use of a siren is not an essential element of an offense under § 61-8-301(1)(b).

Issue 2. Denial of motion for acquittal.

After the State had presented its case, Keil moved for a judgment of acquittal, which the court denied. Keil contends that the motion should have been granted because Officer Harris did not use his siren. Keil further asserts that he never saw the flashing lights.

Keil's motion was without merit. Such a motion may only be granted where there is no evidence upon which the trier of fact could base a verdict of guilty. Section 46-16-403, MCA; State v. Matson (Mont. 1987), 736 P.2d 971, 974, 44 St.Rep. 874, 877.

In the instant case, Officer Harris testified that his pursuit lights are high-intensity strobes which flash red, white and blue. The State also presented a police officer from Conrad who saw Officer Harris's flashing lights from two miles away.

4

Furthermore, the State presented two passengers who were in Keil's car during the pursuit. One passenger admitted tossing a Rainier box out of Keil's car in the area of the pursuit. Both passengers testified that Keil was speeding. This evidence, combined with the flicker of Keil's brake lights when Officer Harris turned on his flashing lights, was sufficient to convince the jury of Keil's guilt.

Based on the State's presentation of evidence, we hold that the District Court properly denied the motion.

Affirmed.

Chief Justice

We concur:

Justices