No. 89-525

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

ANGELO MORENO,

       Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Brad L. Belke, Butte, Montana

    For Respondent:

    Hon. Marc Racicot, Attorney General, Helena, Montana
    John Paulson, Asst. Atty. General, Helena
    Robert M. McCarthy, County Attorney; Brad Newman,
    Deputy, Butte, Montana

Submitted on Briefs: Jan. 11, 1990

Decided: February 14, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Angelo Moreno was convicted of felony burglary in the District Court of the Second Judicial District, Silver Bow County. He appeals. We affirm.

The sole issue on appeal is whether the evidence is sufficient to support the jury's verdict of guilty.

On November 11, 1988, between 7:30 and 9:00 p.m., Karen Barclay's home in Butte, Montana, was burglarized. Barclay reported the burglary, and the police took an inventory of the missing property, which included a color TV, a compact disc player, a VCR, and numerous items of jewelry. One week later, a gold Seiko watch matching the description of one taken in the Barclay burglary was located at a Butte pawnshop.

Barclay identified the watch in the pawnshop as hers. The pawn receipt was in the name of Cheryl Fleischaker. Fleischaker told the police that she had received the watch as a gift from Terri Sullivan May. When May was contacted, she told the police officer that she had received the watch from defendant's wife on November 11, 1988, as payment for babysitting.

May then gave a statement to police that she was at the Moreno house on November 11, 1988, at approximately 10:00 p.m. She stated that Moreno and another man entered the house and went into the bathroom, along with Moreno's wife. May said that when Moreno's wife came out of the bathroom, she showed May numerous items of

2

jewelry and gave May the watch and a necklace. May also stated that the men said, "That is the house we just hit," when a police scanner in the house gave the address of the Barclay burglary.

May produced the necklace Moreno's wife had given her, and Barclay identified it as hers. A search warrant was obtained for Moreno's house and a piece of a silver chain was found on a bookshelf in the house. Barclay identified the chain as hers.

Barclay, Fleischaker, May, and two police officers testified at trial for the State. Moreno produced five witnesses. All relatives of his, they testified that Moreno had been at a family birthday party at Pizza Hut from 7:00 p.m. to 10:00 p.m. on November 11, 1988. Moreno's brother and sister-in-law testified that Moreno had been at their house most of the day on November 11, 1988, and that they had given him a ride from their home to the birthday party. Moreno took the stand and gave testimony consistent with that of his family, denying any connection with the burglary.

Is the evidence sufficient to support the jury's verdict of guilty?

Moreno asserts that the State failed to meet its burden of proving that he was ever at or inside the Barclay residence or that he had possession or control of any of the missing property. He also argues that the testimony of May, the State's chief witness, should have been viewed with distrust. He asserts that she should

3

be treated as an accomplice because if her testimony is to be believed she knowingly received stolen property.

This Court's function on review of the sufficiency of the evidence for a criminal conviction is to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573, first cited by this Court in State v. Rodriguez (Mont. 1981), 628 P.2d 280, 283, 38 St.Rep. 578F, 578I.

An accomplice is one who unites with the principal offender in the commission of a crime, and a receiver of stolen property is not an accomplice of the thief of that property. State v. Rodriguez (1987), 228 Mont. 522, 524, 744 P.2d 875, 876-77. There is nothing in the record to indicate that May had anything to do with the commission of the burglary. Therefore we conclude that there was no need for the jury to be instructed that May's testimony must be viewed with distrust.

There is a definite conflict in the evidence between the testimony of May about Moreno's whereabouts and activities on the evening of November 11, 1988, and the testimony of Moreno and his family members on the same subject. The credibility of witnesses and the weight to be assigned to their testimony are to be determined by the trier of fact, and disputed questions of fact and

4

credibility will not be disturbed on appeal. State v. Green (1984), 212 Mont. 20, 23, 685 P.2d 370, 371-72.

Viewed in the light most favorable to the State, the evidence in this case showed that the Barclay residence was burglarized between 7:30 and 9:00 p.m. on November 11, 1988; that Moreno was not authorized to be in the Barclay residence; that later that night Moreno and a companion arrived at Moreno's house and went into the bathroom with Moreno's wife, who then came out and gave two pieces of jewelry stolen from Barclay's house to May; that Moreno's companion commented that Barclay's address heard on a police scanner "is the house we just hit;" that several weeks later, during a search of Moreno's home pursuant to a search warrant, a third piece of jewelry stolen in the Barclay burglary was found on a bookshelf. Moreno concedes that circumstantial evidence may be sufficient as a matter of law to support a criminal conviction. We hold that, based on the facts adduced at trial, a rational trier of fact could have found Moreno guilty of the essential elements of burglary beyond a reasonable doubt.

Affirmed.

Chief Justice

We concur:

_William E Hunter_

_Diane G. Barz_

_____

_P.C. McDonough_
Justices