No. 90-042

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

   Plaintiff and Respondent,

      v.

DOUGLAS RICHARD BOESE,

   Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

         For Appellant:

            Antonia P. Marra, Bell & Marra, Great Falls, Montana

         For Respondent:

            Stephen Hudspeth, Deputy County Attorney, Great
            Falls, Montana
            Marc Racicot, Attorney General, Helena, Montana

                              Submitted on Briefs:   May 30, 1990

                                    Decided:   August 7, 1990

Filed:

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Appellant Douglas Richard Boese appeals from the District Court, Eighth Judicial District, Cascade County, his convictions of burglary and attempted theft. We affirm the District Court.

The sole issue raised on appeal is whether the evidence was sufficient to sustain the appellant's convictions of burglary and attempted theft.

Boese was discovered on the premises of a Great Falls business, the Plush Pillow, sometime after midnight on February 21, 1989. Boese, a former employee, was discovered kneeling down behind the counter where the cash register was located. Boese had gained entrance by a back door left unlocked. Boese was asked by the owner's husband, Dave McClellan, what he was doing in the store. Boese replied he was waiting for a current employee at the store. McClellan told Boese that that employee was in another state at that time. McClellan then noticed a money bag on the floor near Boese's feet.

McClellan picked up the phone and informed Boese he was calling the police, whereupon Boese fled. McClellan picked up the bag and pursued Boese, shouting that none of the contents of the bag had better be missing and telling Boese to stop. Boese yelled back "Come on, Dave, give me a break." McClellan went back to the phone and Boese exited the rear of the building.

City police officers responding to McClellan's call found Boese in his vehicle behind the store. Boese's car was stuck in the snow. Boese was then taken into custody.

It had been store policy until shortly before Boese's arrest to leave money in the store overnight. However, the sales manager, in January or February of 1989, began taking the money home with her. She testified that on the night of February 21, 1989, she took the money with her and left the bag in a drawer in the counter. At that time the bag contained only candy, not money as it did during business hours.

Boese was charged with burglary and attempted theft. A bench trial was held on September 25, 1989, and Boese was found guilty on both counts.

Boese contends on appeal that the State did not prove the elements of either burglary or attempted theft. As to the burglary conviction, Boese cites the recent case of State v. Feldt (1989), ___ Mont. ___, 781 P.2d 255, for the premise that the State must prove an ex-employee entered the business after hours without permission. This mischaracterizes Feldt completely. Feldt was an employee of the business at the time the alleged break-in occurred. Boese was no longer employed at the Plush Pillow when he was found on the premises. It was clear from the testimony that Boese was not authorized to be in the store on the night in question.

Section 45-6-204(1), MCA, defines burglary as follows:

> A person commits the offense of burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein . . .

3

"Enters or remains unlawfully" is defined in § 45-6-201, MCA, reading in pertinent part:

A person enters or remains unlawfully . . . when he is not licensed, invited, or otherwise privileged to do so.

Boese cannot sustain his claim that his entry was by right. It was clearly an illegal entry.

Having satisfied one prong of the burglary statute, we now address Boese's contention that the State failed to prove Boese intended to commit an offense therein. While it is true that no theft occurred, testimony was presented that the money bag had been moved between the closing time and the time when Boese was discovered in the store with the bag at his feet. Further, Boese lied about his reason for being in the store, fled the premises when confronted, and lied to police officers as to his conduct scant minutes later. While these actions constitute circumstantial evidence, that evidence was sufficient for the court to infer that Boese did an act toward the commission of a theft and with such purpose. Section 45-4-103, MCA; State v. Cox (1987), 226 Mont. 111, 733 P.2d 1307. Boese's conduct by his flight and false statements indicates consciousness of guilt, and supports the court's conclusion that Boese was interrupted in the commission of a theft from an occupied structure. State v. Walker (1966), 148 Mont. 216, 419 P.2d 300.

Viewed in the light most favorable to the State, the evidence showed that Boese attempted to burglarize the Plush Pillow; that he was not authorized to be on the premises; and that he was

4

interrupted in the commission of a theft. We hold that, based on facts adduced at trial, a rational trier of fact would have found Boese guilty of the essential elements of burglary and attempted theft beyond a reasonable doubt. State v. Moreno (1990), ___ Mont. ___, 787 P.2d 334.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5