No. 90-355

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

CHARLES P. VAN PELT, JR.,

Defendant and Appellant.



APPEAL FROM:    District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Andrew P. Suenram, Esq.; Max Hansen, P.C.,
Dillon, Montana

For Respondent:

Hon. Marc Racicot, Attorney General, Helena, Montana
Deanne L. Sandholm, Assistant Attorney General,
Helena, Montana
Thomas R. Scott, Beaverhead County Attorney, Dillon,
Montana
Calvin Erb, Deputy Beaverhead County Attorney,
Dillon, Montana


Submitted on Briefs:  October 19, 1990

Decided:  January 30, 1991

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Charles P. Van Pelt, Jr., appeals his felony convictions by a jury on two counts of incest, one count of sexual assault, and one count of attempted sexual intercourse without consent in the District Court of the Fifth Judicial District, Beaverhead County. We affirm.

Appellant raises two issues on appeal:

1. Whether the District Court erred in failing to subpoena an out-of-state witness.

2. Whether the District Court erred in granting the State's motion in limine which precluded the introduction of evidence under § 45-5-511(4), MCA.

Charles Van Pelt, Jr. was charged by information on February 22, 1990, with the crimes of incest (two counts) under § 45-5-507, MCA, sexual assault under § 45-5-502, MCA, and attempted sexual intercourse without consent under §§ 45-4-103 and 45-5-503, MCA. He was convicted on all counts by jury verdict on April 25, 1990. The victim of these crimes was T.A.E., step-daughter of Van Pelt. T.A.E. was nine years old in 1988, the time the crimes were found to have occurred and is the natural daughter of Joyce Edwards Van Pelt and Ron Edwards. Joyce and Ron were divorced in 1987. Following the divorce, T.A.E. was placed in a foster home in Grant, Montana. Joyce and Van Pelt were married in February of 1988. T.A.E. left the foster home in July, 1988, and returned to Dillon, Montana, by court order to live with her mother, Joyce and Van Pelt. S.V.P. also lived with the family. S.V.P. is Van Pelt's

1

daughter from a previous marriage.

T.A.E. testified at trial that shortly after she returned to Dillon to live with her mother, Van Pelt began touching her breasts and vagina. She testified that he attempted to have sexual intercourse with her and that he forced her to perform oral sex on him. T.A.E. was able to describe in detail the acts performed by Van Pelt.

In September, 1988, the family decided to move to Kentucky. They initially travelled to Santa Cruz, California, where they resided with relatives for a period of about seven months. In the spring of 1989 they started out for Kentucky. En route to Kentucky they had vehicle problems and had to stay at the Salvation Army Family Lodge in Oklahoma City, Oklahoma. While at the Lodge, T.A.E. made acquaintance with Pam Bennett, another resident at the Lodge. Pam observed T.A.E. and Van Pelt interact, and sensing something was wrong, questioned T.A.E. about her relationship with Van Pelt. T.A.E. confided in Pam and related to her the incidents that had occurred between herself and Van Pelt. Pam notified the authorities in Oklahoma and following a civil investigation, T.A.E. was removed from the Van Pelts' care and returned to her natural father in Dillon. Van Pelt was living in Williamsburg, Kentucky, at the time charges were brought against him by this State. He turned himself in to Kentucky authorities, was released on bond, and travelled to Dillon for trial.

The first issue is whether the District Court erred in denying appellant's motion to subpoena an out-of-state witness.

On April 16, 1990, Van Pelt filed a motion for an order to

summon witnesses from another state and a brief in support thereof. Pursuant to § 46-15-113, MCA, Van Pelt requested the District Court to subpoena Joyce Van Pelt and Doris Bodine, both of whom were living in Kentucky. This Court held in State v. Sanderson (1985), 214 Mont. 437, 692 P.2d 479, that § 46-15-113, MCA, provides the only procedure to subpoena an out-of-state witness. The primary reason for finding a need to subpoena Van Pelt's wife, Joyce, was to provide her with financial assistance in coming to Montana. In order to expedite the process, the District Court, the County Attorney, and the defense made arrangements to have Joyce come to Montana and chose not to subpoena her under § 46-15-113, MCA.

The District Court denied appellant's motion to subpoena the second witness, Doris Bodine, finding that she was not a material witness. Doris Bodine is Van Pelt's ex-sister-in-law (the natural sister of Van Pelt's previous wife) and was a neighbor to the Van Pelts during the time the molestations occurred. Appellant states that Doris Bodine was to testify as to where T.A.E. was during the periods that her mother was at work. Apparently T.A.E. would spend a considerable amount of time at the Bodines, playing with Doris' children. It is appellant's assertion that he could not have molested T.A.E. because he never had the opportunity.

In Sanderson we stated that compelling an out-of-state witness to attend a trial was a discretionary decision resting solely with the trial court judge. Sanderson at 448, 692 P.2d at 485. We also held that the District Court's finding as to whether a witness is a material witness or not, under § 46-15-113, MCA, will not be disturbed absent a clear abuse of discretion. Sanderson at 449,

3

692 P.2d at 486. The District Court found Doris Bodine not to be a material witness. Testimony that T.A.E. was at her house most of the time would have been cumulative. There was ample evidence at trial to show that T.A.E. was over at Doris' while Joyce Van Pelt was working. The testimony also substantiated the fact that Van Pelt had many opportunities to molest T.A.E. while Joyce was absent from the house for purposes other than work. The District Court's decision that Doris Bodine was not a material witness is supported by the record and is not an abuse of discretion.

The second issue is whether the District Court erred in precluding the introduction of certain evidence under § 45-5-511(4), MCA.

On April 16, 1990, the State filed a motion in limine to prevent the defense from introducing certain evidence regarding any alleged previous sexual abuse of T.A.E. Appellant sought to introduce evidence that T.A.E. was sexually assaulted by a cousin when she was five years old. It was argued by appellant that T.A.E. made allegations to her mother concerning an incident involving digital penetration of her vagina. Appellant further argued T.A.E. had also made allegations to her mother that her natural father, Ron Edwards, had drilled holes in the bathroom wall to watch her dress and had T.A.E. lie on him until he obtained an erection. Appellant made an offer of proof and on April 23 prior to trial, the District Court heard argument on the offer of proof and received appellant's brief. The court reserved making any ruling at that time but subsequently denied appellant's offer of proof during his cross-examination of T.A.E.

4

The motion in limine was granted on the basis of § 45-5-511(4), MCA, which provides:

> (4) No evidence concerning the sexual conduct of the victim is admissible in prosecutions under this part except:
>
> (a) evidence of the victim's past sexual conduct with the offender;
>
> (b) evidence of specific instances of the victim's sexual activity to show the origin of semen, pregnancy, or disease which is at issue in the prosecution.

This Court has previously stated the purpose of § 45-5-511(4), MCA, is to prevent the trial from becoming a trial of the victim. State v. Higley (1980), 190 Mont. 412, 422, 621 P.2d 1043, 1050.[1] Appellant argues that T.A.E. would not be made a victim by allowing inquiry into possible prior sexual abuse. It is argued that § 45-5-511(4), MCA, prevents probing into past sexual conduct, and not past sexual abuse. Appellant contends that because T.A.E. could not have consented to any sexual acts, and was a victim of abuse through no fault of her own, the raising of prior incidents of abuse would not violate § 45-5-511(4), MCA. In other words, it is alleged that there is no prior sexual misconduct of the victim being put at issue. We find this argument unpersuasive. Appellant cannot argue, as he attempts to, that he does not seek to attack T.A.E.'s credibility but rather seeks to demonstrate that T.A.E. could have gained her knowledge of sex outside of her contact with defendant. The major purpose in appellant's attempt to bring into evidence the incidents of prior abuse is to attack

---

[1] In 1985, § 45-5-503(5), MCA, was recodified as § 45-5-511(4), MCA.

5

T.A.E.'s credibility. Whether under the guise of showing the jury how T.A.E. may have obtained her knowledge of sex, or not, the fact is appellant wished to convince the jury that T.A.E. fabricated the charges against him. The only way the jury could have found appellant not guilty of the charges against him, would be by finding that T.A.E.'s allegations were false. This is not to say that § 45-5-511(4), MCA, provides an impenetrable wall of protection for T.A.E. and does not allow for her credibility to be questioned or attacked. The Montana Rules of Evidence certainly allow the credibility of a witness to be attacked, however, these rules are not without limitation. See Rule 608, M.R.Evid. Excluding evidence of alleged specific instances of prior abuse was within the discretion of the District Court. The District Court must determine whether the evidence is probative and weigh that probative value against any prejudicial potential the evidence may carry. The District Court found the evidence of prior sexual abuse inadmissible. We will not disturb the District Court's ruling on admissibility of evidence absent an abuse of discretion. State v. Crazy Boy (1988), 232 Mont. 398, 402, 757 P.2d 341, 343.

The evidence clearly supports the finding that the prior sexual abuse would not be relevant to the issue of whether appellant sexually molested T.A.E. The conduct alleged in the prior abuse of T.A.E. consisted of digital penetration of the vagina, body-to-body touching, and "peeping." The knowledge T.A.E. exhibited at trial of sexual activity could not have been gained from this type of prior abuse. There was sufficient evidence in T.A.E.'s testimony to conclude that the knowledge she had came from

6

her activities with the appellant and not from any prior sexual abuse.

Appellant also argues that § 45-5-511(4), MCA, as applied by the District Court, violated his constitutional right to confrontation of witnesses under both the United States Constitution and the Montana Constitution. This Court stated in State v. Anderson (1984), 211 Mont. 272, 284, 686 P.2d 193, 200, that a defendant's right to cross-examine the complaining witness in a sexual offense case would be constricted "where there is evidence of prior _false_ accusations." (Emphasis added.) In other words, any accusations or allegations the victim has made of prior sexual conduct must have been proven to be false or admitted to be false before it is admissible.

> If the charges are true or reasonably true, then evidence of the charges is inadmissible, mainly because of its prejudicial effect, . . . but certainly because of its irrelevance to the instant proceeding. . . . Furthermore, evidence of prior charges which have not been adjudicated to be true or false; i.e., which may be true _or_ false is also inadmissible, primarily because its introduction circumvents the interest in preserving the integrity of the trial and preventing it from becoming a trial of the victim . . . (reception of evidence which may be true or false allows circumvention of laws designed to protect legitimate interests of victim). These limitations do not infringe upon a defendant's right to confrontation. (Citations omitted; emphasis in original.)

Anderson at 284-285, 686 P.2d at 200.

We hold that the District Court did not abuse its discretion in disallowing evidence of prior sexual abuse.

Affirmed.

_____
                    Justice

7

We concur:

_John Conway Harrison_

_John C. Sheehy_

_William E. Hunt_

_____ 
Justices