No. 91-559

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

      Plaintiff and Respondent,

v.

JOSEPH ALLEN HOWELL,

      Defendant and Appellant.

FILED

AUG 24 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Ravalli,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           James A. Haynes, Attorney at Law,
Hamilton, Montana

      For Respondent:

           The Honorable Marc Racicot, Attorney General,
Cregg W. Coughlin, Assistant Attorney General,
Helena, Montana; George H. Corn, Ravalli
County Attorney, Hamilton, Montana

Submitted on Briefs: April 2, 1992

Decided: August 24, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Defendant appeals from his conviction on May 6, 1991, of the crimes of sexual intercourse without consent, sexual assault, and indecent exposure committed upon T.S., a nine-year-old girl, between December 25, 1990, and February 7, 1991. Following a jury trial in the Fourth Judicial District Court of Ravalli County, defendant was sentenced to a total of 60 years in the Montana State Prison without benefit of parole. An amended judgment was entered on November 20, 1991. The District Court denied defendant's motion for a new trial. The Defendant appeals. We affirm.

The issues are:

1. Did the District Court erroneously instruct the jury that it could consider evidence of defendant's other crimes as proof of a "continuous pattern of conduct" under Rule 404(b), M.R.Evid.?

2. Did the District Court err by excluding the victim's past sexual history under the rape shield statute, § 45-5-511, MCA?

3. Did the District Court err in instructing the jury that the charges were distinct offenses to be determined separately, rather than as lesser included offenses?

4. Does sufficient evidence support the jury verdict?

The State's amended information charged defendant with committing the offenses of which he was convicted on or between December 25, 1990, and February 7, 1991. The defendant filed a partial alibi defense notice because he was in California visiting his mother from the week before Christmas until the first week of January 1991.

On April 16, 1991, the State filed a notice of intent to introduce evidence of other crimes, wrongs or acts in order to support proof "on the issue of the Defendant's identity, intent, state of mind, and that the Defendant's acts were consistent with continuous conduct, a common scheme, plan, or system." The notice stated its intent to introduce two prior convictions involving female minors for sexual assault and sexual intercourse without consent occurring in 1976 and 1978. The notice also specified the intent to use defendant's admissions to prison officials during psychological evaluations for parole in which he gave detailed accounts of numerous sexual assaults of female minors similar to the acts charged in this case.

In response, defendant filed a motion in limine to bar introduction of prior acts evidence. Prior to trial, the District Court held a hearing on the motion and then denied it. Prior to each occasion on which evidence of prior acts was introduced, the District Court gave the following cautionary instruction:

> The State will now offer or has offered evidence that the defendant at another time engaged in other crimes, wrongs and acts. That evidence was not admitted to prove the character of the defendant in order to show he acted in conformity therewith.
>
> The only purpose of admitting that evidence was to show either proof of the defendant's motive in this case; or proof of opportunity; or proof of the Defendant's intent; or proof that the crimes were committed knowingly; or proof of the defendant's identity; or proof of absence of a mistake or accident; or proof of a <u>continuous pattern of conduct</u>. You may not use that evidence for any other purpose.
>
> The defendant is not being tried for these other crimes, wrongs or acts. He may not be convicted for any

3

other offense than that charged in this case. For the jury to convict the defendant of any other offense than that charged in this case may result in unjust double punishment of the defendant. [Emphasis added.]

Jury Instruction No. 6. Defendant objected to that part of the instruction which permitted consideration of prior acts for "proof of a continuous pattern of conduct."

Prior to trial the court also considered the State's motion in limine to exclude evidence of the victim's prior sexual conduct pursuant to the rape shield statute, § 45-5-511, MCA. Defendant objected to the exclusion because he wanted to introduce evidence of past sexual abuse by her natural father to show: veracity, accuracy of recall, prior knowledge of sexual terms such as "dick," and recognition of semen, tendency or opportunity to fabricate or exaggerate, and to rebut the State's "lost innocence" argument. The District Court granted the State's motion to exclude evidence of the prior sexual abuse and did not rule on defendant's motion for reconsideration. Defendant filed a notice of his intention to challenge the constitutionality of § 45-5-511, MCA.

The District Court also granted defendant's pretrial motion to prohibit any treating physician, therapist, psychologist, teacher, or social worker from testifying about the identification of the defendant, and also the reliability or credibility of the victim. However, the court reserved a ruling to allow such testimony in case the victim's credibility was attacked.

Defendant stipulated to the fact that he was incarcerated in either the State Hospital at Warm Springs or the Montana State

4

Prison from August 2, 1978, to June 8, 1989. Testimony at trial established that after his discharge, he moved to an apartment in Corvallis, a short distance from an elementary school. Defendant's neighbor contacted the police in January 1991 after he observed T.S. entering defendant's apartment on two occasions. He reported that after she entered the apartment, the window blinds were drawn and the music turned up. Deputy Sterling Maus responded to the report by visiting with T.S. and her mother. Maus testified that T.S. told him that defendant touched her pubic area. Deputy Pat Richie, who continued the investigation, testified that T.S. described one incident of oral intercourse, which occurred on February 8, 1991.

Defendant moved to dismiss the sexual intercourse without consent charge, based on Deputy Richie's testimony that the only incident of oral intercourse reported occurred on February 8, 1991, and therefore, was outside the charging dates of December 25, 1990 through February 7, 1991. The District Court denied the motion.

T.S. is an emotionally underdeveloped nine-year-old girl who was assigned three school counselors to address her needs. T.S. testified that beginning in the fall of 1990, at defendant's request, she would go to his apartment almost daily where he would remove her clothing, strap her to the bed, unzip his pants, and rub his penis against her vagina. On occasion she said he would masturbate on her, or force her to perform oral sex. She said that defendant would close the blinds and put on music. She stated that

5

defendant gave her candy or money and left her notes. T.S.'s parents found a note written before Christmas stating:

> Say how would you like to make twenty dollars. Don't let anybody see this, this is between you and I. Don't talk to anyone about this note. Don't let anyone see it. OK

After comparing the note to a handwriting exemplar from defendant, a handwriting expert identified the handwriting as that of the defendant.

Brad Fowler testified that he hauled water from defendant's apartment every evening around 5:00 to 5:30 during the last week in January and that he never saw T.S. present, although once defendant mentioned to Fowler that T.S. would be walking by at that time. Defendant also admitted to Fowler that he had given T.S. candy and money. Kathy Ostrander, supervisor for the Department of Family Services for Ravalli County, stated that Fowler told her that one time when he was over at defendant's getting water he was asked to leave because the defendant expected T.S. to arrive soon. Fowler testified that defendant asked him not to come over from 5:00 to 5:30 because he liked to relax after work.

At the close of evidence, defendant objected to the State's proposed Instruction No. 14 stating that the offenses charged were distinct offenses to be determined separately by the jury. The District Court adopted No. 14 and rejected defendant's proposed Instruction No. 1 which provided that the charges were not separate, but alternative charges, so that if defendant was found guilty, then the jury must determine which one of the three charges was committed, and find him not guilty of the other charges.

After considering all the facts, the jury found defendant guilty of all three separate charges. The District Court denied his motion for a new trial. Defendant appeals.

I

Did the District Court erroneously instruct the jury that it could consider evidence of defendant's other crimes as proof of a "continuous pattern of conduct" under Rule 404(b), M.R.Evid.?

Defendant contends that the procedural protections under *Just* were violated. These protections are:

> (a) Evidence of other crimes may not be received unless there has been written notice to the defendant that such evidence is to be introduced. . . . Additionally, the notice to the defendant shall include a statement as to the purposes for which such evidence is to be admitted.

> (b) At the time of the introduction of such evidence, the trial court shall explain to the jury the purpose of such evidence and shall admonish it to weigh the evidence only for such purposes.

> (c) In its final charge, the court should instruct the jury in unequivocal terms that such evidence was received only for the limited purposes earlier stated and that the defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment.

*State v. Just* (1979), 184 Mont. 262, 274, 602 P.2d 957, 963-64.

A. Improper Notice: The defendant maintains that the first *Just* procedure was not properly followed because the State's notice of intent to introduce evidence of other crimes failed to show any logical relationship between the prior acts and any purpose under Rule 404(b). This argument is based on our recent decision in *State*

*v. Croteau* (1991), 248 Mont. 403, 812 P.2d 1251, which requires the State to specifically state in the notice the relevant purpose for admitting the prior acts. Under *Croteau*, "shotgun" approaches merely listing all the 404(b) purposes are prohibited. *Croteau*, 812 P.2d at 1255.

The record does not reflect a specific objection to an overly broad or "shotgun" type of notice. Under § 46-20-104(2), MCA, defendant's failure to make a specific objection to the adequacy of the notice waived any deficiency in the notice.

B. <u>Improper Jury Instruction</u>: Defendant also contends that the procedural protections under *Just* were violated because the phrase "continuing course of conduct" was included in the jury instructions. We emphasize that defendant only appeals the jury instruction language, and not the admissibility of the prior acts. Thus, we will not address whether "continuing course of conduct" constitutes a 404(b) exception. Rather, we will only determine whether the District Court erred by including the phrase in the jury instructions. First we will determine whether the language is erroneous. If it is erroneous, then we will determine whether it was prejudicial.

The phrase "continuing course of conduct" has never been specifically approved for use in a jury instruction. However, it has been used interchangeably with several of the *Just* requirements. Most cases use the phrase in consideration of remoteness under the second prong of *Just*. *State v. Paulson* (1991), 250 Mont. 32, 817 P.2d

8

P.2d 1137; *State v. Hanson* (1980), 187 Mont. 91, 608 P.2d 1083; *State v. Tecca* (1986), 220 Mont. 168, 714 P.2d 136; *State v. Gambrel* (1990), 246 Mont. 84, 803 P.2d 1071.

Other cases use the phrase when discussing the third prong's "common scheme or plan":

> "In this case the other acts proved show a continuous pattern of behavior on the part of the defendant for a period of over 3 years. The pattern during that period remained virtually the same. This is precisely what is meant by common scheme, plan or system." [Emphasis added.]

*Just*, 602 P.2d at 961 (quoting *State v. Jensen* (1969), 153 Mont. 233, 239, 455 P.2d 631, 634).

> Further, the purpose of the evidence under attack on this appeal was offered to show "plan, motive, scheme, design, a common course of conduct . . . ." [Emphasis added.]

*Just*, 602 P.2d at 962. The phrase also appears in connection with other purposes under the third prong such as opportunity, intent, and identity.

> While defendant was likely prejudiced to a certain degree, we cannot say as a matter of law that such prejudice clearly outweighed the probative value of this evidence. The prior acts evidence established a continuing course of conduct by defendant and aided in determining opportunity, intent, and identity. [Emphasis added.]

*Tecca*, 714 P.2d at 139.

In *State v. Gilpin* (1988), 232 Mont. 56, 756 P.2d 445, we referred to the phrase as "surplusage." Likewise, we hold that in this case the phrase "continuous course of conduct" is superfluous language that was improperly included in the jury instruction. However,

9

jury instruction errors which do not affect substantial rights of the defendant should be disregarded. *State v. Wurtz* (1981), 195 Mont. 226, 636 P.2d 246 (overruled on other grounds in *State v. Lance* (1986), 222 Mont. 92, 721 P.2d 1258). Here, it is difficult to conclude that if the evidence itself was properly admitted, defendant's substantial rights were affected by this "surplus" language in the cautionary instructions.

We hold that the phrase "continuing course of conduct" is superfluous language, improperly included in the jury instruction. However, because the instruction was not prejudicial, it constitutes harmless error. However, this language should not be used in future instructions.

## II

Did the District Court err by excluding the victim's past sexual history under the rape shield statute, § 45-5-511, MCA?

The defendant challenges the constitutionality of the rape shield statute on the basis that it violates his right to confrontation under the Sixth and Fourteenth Amendments of the United State Constitution, and under Article II, §§ 17 and 24, of the Montana Constitution. If the statute is upheld, the standard of review for its application is manifest abuse of discretion. *State v. Van Dyken* (1990), 242 Mont. 415, 435, 791 P.2d 1350, 1362-63.

The Sixth Amendment is not absolute, and "may bow to accommodate other legitimate interests in the criminal trial process." *Chambers v. Mississippi* (1973), 410 U.S. 284, 295, 93 S. Ct.

1038, 1046, 35 L. Ed. 2d 297, 309. The rape shield statute has been upheld as a legitimate interest justifying curtailment of the constitutional right to confront witnesses. *State v. Van Pelt* (1991), 247 Mont. 99, 805 P.2d 549.

> [A] defendant's right to cross-examine the complaining witness in a sexual offense case would be constricted "where there is evidence of prior *false* accusations."
> . . . .
>
> . . . Furthermore, evidence of prior charges which have not been adjudicated to be true or false; i.e., which may be true *or* false is also inadmissible, primarily because its introduction circumvents the interest in preserving the integrity of the trial and preventing it from becoming a trial of the victim . . . . These limitations do not infringe upon a defendant's right to confrontation."

*Van Pelt*, 805 P.2d at 552-53 (quoting *State v. Anderson* (1984), 211 Mont. 272, 284-85, 686 P.2d 193, 200). Defendant contends that he was denied the opportunity to establish the victim's lack of veracity, accuracy, and her tendency to exaggerate. Defendant also claims he was denied the opportunity to refute the State's "lost innocence" argument by showing that T.S.'s previous sexual abuse allowed her to become familiar with terms such as "dick."

The record shows that the District Court fully considered the matter before determining there was no merit to defendant's argument. None of the statutory exceptions to the rape shield statute, § 45-5-511, MCA, are met in this case. No statutory exception exists allowing the admission of the prior sexual history of a child molestation victim. We decline to create one. Under the statute we have affirmed the exclusion of evidence of a

11

victim's sexual abuse by her father. *State v. Kao* (1990), 245 Mont. 263, 800 P.2d 714; *Van Pelt*, 805 P.2d 549. We find no evidence supporting the contention that the District Court abused its discretion. We hold that the District Court properly excluded the past sexual history of the victim in this case.

## III

Did the District Court err when it instructed the jury that the charges were distinct offenses to be determined separately, rather than as lesser included offenses?

Defendant argues that the District Court erred by not adopting his proposed Instruction No. 1:

> These charges allege that the defendant committed an unlawful act which constitutes either the crime of Sexual Assault, and [sic] Sexual Intercourse Without Consent, or the crime of Indecent Exposure. If you find that the Defendant committed an act or acts constituting one of the crimes so charged, you then must determine which of the offenses so charged was thereby committed.
>
> In order to find the defendant guilty you must all agree as to the particular offense committed and, if you find the defendant guilty of one of such offenses, you must find him not guilty of the others.

Defendant asserts that this proposed instruction should have been given because defendant's conduct occurred outside the charging dates stated in the information, and the information lacked specificity regarding the time and place of the offense pursuant to § 46-11-401(1), MCA. However, there was no objection to the adequacy of the notice provided in the information. Therefore, any inadequacy was waived. Section 46-13-101, MCA. Furthermore, as discussed later in this opinion, there was

12

sufficient evidence of conduct within the time period alleged to sustain conviction for separate offenses.

Defendant also contends that the District Court erred by failing to instruct the jury on lesser included offenses. However, no instruction on lesser included offenses was requested, and therefore, such an instruction was waived. *State v. Sheppard* (Mont. 1992), ___ P.2d ___, 49 St. Rep. 382 (court not required to give lesser included offense instruction sua sponte, if counsel fails to request it).

IV

Does sufficient evidence support the jury verdict?

The standard of review for sufficiency of evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt when viewed in the light most favorable to the prosecution. *Paulson*, 817 P.2d at 1146; *State v. Moreno* (1990), 241 Mont. 359, 787 P.2d 334.

Ample evidence supports the verdict. The evidence establishes the elements of each individual charge. The indecent exposure charge was established when T.S. testified that defendant "unzipped his pants and took his privates out," and that "white stuff squirted at me." The sexual assault charge is established by T.S.'s explanation that defendant put his private parts on her private parts, and her statement that "[h]e'd take me to his room and strap me to the bed and start doing what moms and dads do." She also testified that he touched her genital area in her parents'

13

home.   T.S.'s testimony that defendant made her lick his private part, put it in her mouth, and pressed down on her head, provides a graphic description of oral intercourse which is the basis for the sexual intercourse without consent charge.

Defendant contends, however, that uncorroborated testimony is insufficient to support a conviction.  Defendant points to the lack of corroborating medical or school testimony.  We have held that expert testimony is not necessary to prove sexual assault of children.  *Gilpin*, 756 P.2d at 451.  Moreover, we also held that the testimony of a child victim does not need to be corroborated.  *Gilpin*, 756 P.2d at 453.

Nonetheless, the handwritten note, and the testimony of the neighbor, the handwriting expert, and the police officers support the verdict.  After reviewing the record, we hold that the evidence was sufficient to support a guilty verdict on each separate charge.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

14

William E. Hinkle

Kaila M. Gray

Fred G. Fisher

R. C. McDonough

Justices

August 24, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


James A. Haynes
Attorney at Law
P.O. Box 544
Hamilton, MT 59840

Hon. Marc Racicot, Attorney General
Cregg W. Coughlin, Asst. Atty. General
Justice Bldg.
Helena, MT 59620

George H. Corn
Ravalli County Attorney
P.O. Box 5008
Hamilton, MT 59840

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy