No. 04-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 380N

JOSEPH A. HOWELL,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Respondent.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. CR 91-18-81
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Joseph A. Howell, *pro se*, Deer Lodge, Montana

      For Respondent:

          Honorable Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; George Corn, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  November 9, 2004

Decided:  December 28, 2004

Filed:

 

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Joseph A. Howell, appearing *pro se*, appeals the District Court's denial of his Petition for Postconviction Relief. We affirm.

¶3 In May 1991, a Ravalli County jury convicted Howell of sexual assault, sexual intercourse without consent, and indecent exposure. Howell was sentenced to a total of 60 years' incarceration, without the possibility of parole.

¶4 Howell chose not to apply for sentence review, but instead appealed his conviction, which this Court affirmed in *State v. Howell* (1992), 254 Mont. 438, 839 P.2d 87. On May 24, 2004, Howell filed a Petition for Postconviction Relief in the Twenty-First Judicial District Court, Ravalli County. The District Court did not order a responsive pleading from the State, but rather entered a handwritten notation on the pleading, stating that it was dismissed as untimely under the five-year statute of limitations for postconviction relief which was in effect at the time of Howell's conviction. From this denial, Howell appeals.

¶5 Howell argues that it was error for the District Court to dismiss his Petition for Postconviction Relief without ordering a responsive pleading, because the State could have chosen to waive the time bar, and it was denied the opportunity to do so. He further claims

2

that the issue which he raises--that his sentence violates the Eighth Amendment to the United States Constitution as cruel and unusual punishment--is an issue which might arise at any time during a prisoner's sentence and thus cannot be time-barred. Howell asserts that his sentence of 60 years without the possibility of parole is essentially a life sentence and that, because he will likely die in prison, we deem his sentence to be tantamount to the death penalty and apply such case law here.

¶6 The State responds that the District Court did not err when it dismissed Howell's Petition for Postconviction Relief as untimely. It claims that a district court has the statutory authority to do so pursuant to § 46-21-201(1), MCA, which under both the current and 1989 versions of the statute provides that a district court has the authority to dismiss a petition for postconviction relief for failing to conclusively show that the petitioner is entitled to relief.

¶7 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous, and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citation omitted).

¶8 We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

3

¶9      Howell's judgment and sentence were filed on September 9, 1991. Under the postconviction relief statutes in effect at that time, he had five years to file a petition for postconviction relief. See § 46-21-102, MCA (1989). Howell did not file such a petition until May 2004, well outside the statutory time period. It is clearly untimely and thus barred.

¶10     On the face of the briefs and the record on appeal, it is manifest that the appeal is without merit as the issues are clearly controlled by settled Montana law. Therefore, we affirm the judgment of the District Court.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE