DA 09-0201

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2010 MT 247

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

FRED ALSTINE GOODENOUGH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 08-15
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Koan Mercer, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

          Bernie Cassidy, Lincoln County Attorney; Robert Slomski, Deputy
County Attorney, Libby, Montana

Submitted on Briefs:  September 29, 2010

Decided:  November 30, 2010

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Fred A. Goodenough appeals from the sentence imposed after his conviction by a jury for the offenses of Sexual Assault (two counts), Incest (two counts), and Sexual Intercourse Without Consent. We affirm.

¶2 On appeal Goodenough contends that the District Court erred sentencing him for sexual assault and sexual intercourse without consent as to one of his two victims, violating his protection against double jeopardy provided in § 46-11-410, MCA. He also claims that his attorney failed to provide effective assistance of counsel by failing to raise this issue at sentencing.

## BACKGROUND

¶3 The two victims in this case were Goodenough's granddaughters. In 2006 both girls reported that Goodenough had repeatedly instigated sexual encounters with them between 2002 and 2005. The offenses began when the younger granddaughter was 10 years old and the older was 12. The girls were periodically abandoned by their birth mother and consequently often lived alone or with other relatives such as their grandparents. Goodenough's sexual encounters with his granddaughters ended when they moved to Oregon in late 2005 or early 2006.

¶4 The Information filed by the State charged in five separate counts that Goodenough committed sexual assault, incest, and sexual intercourse without consent as to the older granddaughter "on or about and between 2002 and the end of 2005 as a continuing course of conduct." The Information charged that Goodenough committed

sexual assault and incest as to the younger granddaughter "on or about and between 2002 and the end of 2005 as a continuing course of conduct."

¶5     The trial in this case took place between September 30 and October 2, 2008 and both of the victims testified. While the girls could not precisely date each of the many sexual crimes, they were able to date many of the events by reference to what grade they were in, where they lived, what school they attended, which relatives they lived with, family trips, family visits, family moves, and whether the attack was in a single or double-wide mobile home. The older girl testified in graphic detail to multiple separate instances in which Goodenough touched her sexually, exposed himself to her, masturbated on her, forced her to masturbate him, performed oral sex on her, and penetrated her digitally. She testified that he initiated these sexual contacts with her over a span of years "any time there was a chance" when no other adult was present.

¶6     The jury convicted Goodenough of all charges. The District Court sentenced Goodenough to 50 years in prison on each count, to run concurrently. The District Court also designated Goodenough as a Level II sex offender and restricted his parole eligibility for 18 years. He does not challenge the sexual assault and incest convictions as to the younger girl, and challenges only the sexual assault conviction as to the older girl, which is the only relief available to him. *State v. Becker*, 2005 MT 75, ¶ 25, 326 Mont. 364, 110 P.3d 1.

## STANDARD OF REVIEW

3

¶7     A district court's decision applying a statute is reviewed to determine whether it is correct. *Becker*, ¶ 14. Claims of ineffective assistance of counsel are mixed issues of law and fact that this Court reviews de novo. *Becker*, ¶ 18.

**DISCUSSION**

¶8     On appeal Goodenough challenges only the fact that he was sentenced for both sexual assault and sexual intercourse without consent after being convicted for those crimes against his older granddaughter. He does not challenge any other convictions or sentences and asks only that the one sexual assault conviction and sentence be vacated.

¶9     Initially, Goodenough notes that at trial his attorney did not object under § 46-11-410, MCA, as he does now on appeal, to his being convicted or sentenced for both sexual intercourse without consent and sexual assault as to the older girl. He concedes that he is raising that claim for the first time on appeal.

¶10    Montana law provides, § 46-20-104(2), MCA, that failure to make a timely objection at trial constitutes a waiver of error except as provided in § 46-20-701(2), MCA. The latter statute provides that an error not objected to at trial may be considered on appeal if it was prejudicial to guilt or punishment, and if the situation falls within those described by subsections (2)(a) through (c).[1] None of those situations is applicable here. As provided in § 46-20-104(2), MCA, Goodenough did not object below and therefore may not raise this issue on appeal. Nonetheless, Goodenough contends that he

---

[1] Those are that the right asserted did not exist at the time of trial and has been determined to be retroactive; that the prosecutor, judge or law enforcement suppressed evidence; or that there are material and controlling facts not known at the time of trial.

is entitled to raise this issue because his trial counsel's failure to do so below is evidence that he was provided ineffective assistance of counsel.[2]

¶11 The right to counsel in criminal prosecutions under the Sixth Amendment to the United States Constitution and Article II, section 24 of the Montana Constitution includes a guarantee that counsel be effective. *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. We analyze claims of ineffective assistance using the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The first prong requires the defendant to show that counsel's performance was deficient by showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Constitution. The second requires the defendant to show that the error was sufficiently prejudicial to have deprived him of a fair trial. *Whitlow*, ¶ 10. Both prongs of the *Strickland* test must be satisfied before a claim of ineffective assistance of counsel is established. *Whitlow*, ¶ 11.

¶12 Under the first prong, counsel's performance is measured by objective reasonableness. *Whitlow*, ¶ 12. Evaluation of counsel's performance is conducted under a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Whitlow*, ¶ 15. The second prong requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

---

[2] Goodenough does not contend that he is entitled to have this issue reviewed as common law "plain error," and does not request that the Court undertake any such review.

5

outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Worthan v. State*, 2010 MT 98, ¶ 16, 356 Mont. 206, 232 P.3d 380; *Robinson v. State*, 2010 MT 108, ¶ 12, 356 Mont. 282, 232 P.3d 403.

¶13 Before reaching the merits of a claim of ineffective assistance of counsel, we must determine whether the claim is properly before the Court on appeal. That depends upon whether the record answers why counsel took or failed to take the action at issue, and if it does not, then the claim may not be pursued on direct appeal. *State v. Green,* 2009 MT 114, ¶ 17, 350 Mont. 141, 205 P.3d 798. If "merely 'plausible' (but not necessarily 'actual') justification exists for counsel's conduct, postconviction proceedings are appropriate and the appeal should be dismissed without prejudice." *Green*, ¶ 17. However, where it is clear as a matter of law that counsel's conduct did not constitute ineffective assistance there is no need to defer consideration of the issue to a subsequent proceeding for postconviction relief. *See State v. Crosley*, 2009 MT 126, ¶ 56, 350 Mont. 223, 206 P.3d 932.

¶14 The Information charging Goodenough with each of the offenses alleges that they occurred "on or about and between 2002 and the end of 2005, as a continuing course of conduct . . . ." Goodenough asserts that the result of that language was that the State charged him with a single transaction lasting from 2002 until 2005 as to each of the girls. He contends that his crimes constituted a single transaction under § 46-11-410(2), MCA, and *State v. Williams*, 2010 MT 58, 355 Mont. 354, 228 P.3d 1127, and therefore the conviction for sexual intercourse without consent as to the older girl precluded his also being sentenced for the lesser included offense of sexual assault.

¶15    Montana law provides that a defendant may be charged with more than one offense arising out of the same event.  Section 46-11-410, MCA, provides, as relevant to the present case:

> (1) When the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense.
>    (2)  A defendant may not, however, be convicted of more than one offense if:
>    (a) one offense is included in the other[.]

In addition, § 46-11-404, MCA, allows the State to charge two or more offenses in the same charging document in separate counts.  That section also provides that the "prosecution is not required to elect between the different offenses set forth in the charging document, and the defendant may be convicted of any number of the offenses charged *except as provided in 46-11-410*."  (Emphasis added.)

¶16    Section 46-11-410, MCA, clearly provides that a defendant may be prosecuted for more than one offense arising from the "same transaction" unless the charges are among those described in subsection (2) of that section.   One of the subsection (2) prohibitions arises when one offense is included in the other.  In *Williams* the defendant was convicted of sexual intercourse without consent, sexual assault and other offenses all arising from a single incident in which he attacked a minor girl.  On appeal, Williams argued that § 46-11-410, MCA, precluded his conviction of both sexual intercourse without consent and sexual assault based upon that same event.  This Court concluded that sexual assault is a lesser-included offense of sexual intercourse without consent.   *Williams*, ¶ 28. Consequently, since both crimes arose from the same attack, § 46-11-410(2)(a), MCA,

7

precluded Williams' conviction for both sexual intercourse without consent and sexual assault. This Court vacated the conviction for the lesser included offense of sexual assault, but affirmed the conviction for sexual intercourse without consent.

¶17 In *Williams* this Court noted that the defendant attacked his victim twice, once in the initial assault and again later when she tried to leave the scene. Since the State specifically chose to tie the charges against Williams only to the initial assault there was clearly only a single transaction for purposes of applying § 46-11-410, MCA. This Court concluded that § 46-11-410, MCA, "precludes the State from convicting Williams of both sexual intercourse without consent and sexual assault where the charges arose from the same attack as alleged in the information." *Williams*, ¶ 30. We further noted, however, that the "second attempted attack could have formed the basis for additional charges that might have altered our discussion of the matter regarding two separate transactions. We must take the case as it comes to us." *Williams*, ¶ 20.

¶18 In Goodenough's case, the charges brought against him and the facts proven at trial support the existence of distinct criminal events that were missing from *Williams*. Significantly, Goodenough expressly concedes in his briefs on appeal that the Information and Affidavit alleged multiple separate incidents, and "further that the State introduced evidence from which a jury could—but was not required—to find multiple incidents occurring on different days over the 2002 to 2005 period." Based upon the record and upon Goodenough's concessions, *Williams* provides no support for Goodenough's position that § 46-11-410, MCA, barred the conviction and sentence for sexual assault as to the older girl.

8

¶19    The only remaining basis for Goodenough's single transaction argument under §
46-11-410, MCA, is the presence of the "continuing course of conduct" language in the
Information.  Describing a defendant's multiple offenses over a span of years as a
continuing course of conduct does not transform those offenses in this case into a single
transaction for purposes of § 46-11-410, MCA.

¶20    We first note that Goodenough did not challenge the Information charging him
with the crimes on the ground that it failed to provide adequate notice of the charges
against him.  A criminal charge is a "plain, concise, and definite statement of the offense
charged, including . . . the time and place of the offense as definitely as can be
determined."  Section 46-11-401, MCA.  The name of a crime charged is controlled by
the specific acts involved.  *State v. Collins*, 226 Mont. 188, 191, 734 P.2d 686, 688-89
(1987).  A criminal charge must allow a person of common understanding to know what
is intended, *State v. Riley*, 199 Mont. 413, 421, 649 P.2d 1273, 1277 (1982), and must
give the defendant "reasonable notice" of the charges so as to avoid being charged twice
for the same offense, *State v. Parker*, 1998 MT 6, ¶ 28, 287 Mont. 151, 953 P.2d 692.
The Affidavit in Support of Motion for Leave to File Direct in this case describes many
separate instances of Goodenough's offenses against the older girl, and there is therefore
no issue in this case that the Information was sufficient.  *State v. Howell*, 254 Mont. 438,
447, 839 P.2d 87, 92 (1992).

¶21    A defendant's conduct "underlying the charged offenses may have been similar
and may have continued over several years" and still constitute separate offenses for
which the State has the discretion to charge separately.  *State v. Darryl Hamilton*, 2007

9

MT 223, ¶ 43, 339 Mont. 92, 167 P.3d 906 (*Darryl Hamilton*). A factual hallmark of separate offenses arises when acquittal on one charge will not affect the others. *Darryl Hamilton*, ¶ 45. In the present case, the jury in Goodenough's trial was instructed that each count was a distinct offense that must be decided separately, and that he could be found guilty or not guilty on any or all of the offenses.[3]

¶22 This Court has recognized the difficulty encountered in prosecuting sexual crimes when the victim is a minor, especially when there are no witnesses other than the minor and the perpetrator. Similar to the present case, in *State v. Little*, 260 Mont. 460, 861 P.2d 154 (1993), the defendant was charged with sexual intercourse without consent "on or about 1987-88." In *Little* we said that in "cases of sexual abuse against children, this Court has declined to impose exacting standards for identifying the dates of the offenses contained in the charging document . . . ." *Little*, 260 Mont. at 470, 861 P.2d at 160. "[W]hen a continuing course of conduct is alleged, further specificity in the information is not required." *Little*, 260 Mont. at 470, 861 P.2d at 161. Even though a perpetrator's conduct underlying more than one offense may be similar, may continue for several years, and may be described as a "continuous course of conduct," it may nonetheless constitute separate offenses and the State has discretion to charge them separately. *Darryl Hamilton*, ¶ 43.

¶23 When we also consider the Affidavit in Support of the Motion for Leave to File Direct, *State v. Mona Hamilton*, 252 Mont. 496, 499, 830 P.2d 1264, 1266 (1992) (*Mona*

---

[3] Goodenough's briefs on appeal specifically state that he does not claim that a specific unanimity instruction was required in his case.

*Hamilton*), it is clear that unlike in *Williams*, the State never intended to charge Goodenough with multiple offenses arising from a single event. The Affidavit details different episodes of Goodenough's sexual contact with the older girl. These encounters were "mostly at the house when no one else was around or sometimes in the woods when defendant would take her for a ride on a four wheeler." Goodenough "put his fingers inside her vagina, he made her play with his penis until he ejaculated, he put his mouth on her vagina and her breasts. He rubbed his penis against her and ejaculated on her on a couple of occasions." He "had sexual contact with her on a lot of occasions, whenever he got the chance and her grandmother and no one else was around."

¶24 Moreover, the District Court's instructions to the jury specified that each count of the information represented separate distinct events. When a jury is properly instructed, jurors can be assumed to have adhered to those instructions. *State v. White*, 2008 MT 129, ¶ 13, 343 Mont. 66, 184 P.3d 1008; *Robinson*, ¶ 16.

¶25 Therefore, we discern no material legal effect in this case from the State's use of the phrase "continuing course of conduct" in describing the offenses in the Information. This Court has held that an offense should not be construed as a continuing course of conduct unless the statute defining the offense "compels such a conclusion." *Mona Hamilton*, 252 Mont. at 500, 830 P.2d at 1267. None of the charged offenses in Goodenough's case is statutorily defined so as to compel a conclusion that they should be construed to involve a continuing course of conduct. *See* §§ 45-5-502, MCA, (sexual assault); 45-5-503, MCA, (sexual intercourse without consent); and 45-5-507, MCA, (incest). Even if "continuing course of conduct" and "same transaction" meant the same

11

thing, § 46-11-410, MCA, makes it clear that a defendant may be convicted of multiple offenses arising from the same transaction.

¶26  As noted earlier, the older girl's testimony at trial was consistent with the allegations in the Affidavit. She described multiple acts of sexual touching that constituted sexual assault. She also described several acts that constituted sexual intercourse without consent when Goodenough digitally penetrated her. Clearly there was sufficient evidence to support the convictions. Goodenough has failed to demonstrate that he was convicted of sexual assault for the same acts that supported the conviction for sexual intercourse without consent.

¶27  In the present case, Goodenough was properly convicted of sexual assault, as well as sexual intercourse without consent of the older child. Having determined that Goodenough was properly convicted and sentenced, we must consider his contention that he was denied effective assistance of counsel. A defendant in a criminal case is denied effective assistance of counsel only if his attorney's conduct falls short of the range reasonably demanded by the Sixth Amendment to the United States Constitution, and if the attorney's failure is prejudicial. *Becker*, ¶ 18; *Crosley*, ¶ 54. Since § 46-11-410, MCA, does not provide a basis for reversing Goodenough's sexual assault conviction, his attorney did not provide ineffective assistance by failing to object under that statute.

¶28  Affirmed.

/S/ MIKE McGRATH

12

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE

/S/ DAVID RICE
District Court Judge David Rice, sitting
for Justice Brian Morris

Justice W. William Leaphart, dissenting.

¶29 I dissent. The Court distinguishes our holding in *Williams* from the present case because, in *Williams*, the Court relied on only one of two encounters between the defendant and victim and determined that double jeopardy precluded the conviction of rape and the lesser-included offense of sexual assault. *Williams*, ¶ 20. The Court acknowledges and Goodenough points out, that this Court noted in *Williams* that the "second attempted attack could have formed the basis for additional charges that might have altered our discussion of the matter regarding two separate transactions." *Id.* Our case clearly falls outside of the specific factual scenario in *Williams* and thus requires a closer look.

¶30 When the same transaction may establish the commission of more than one offense, a person charged with the conduct may be prosecuted for each offense. Section 46-11-410(1), MCA. A defendant may not, however, be convicted of more than one offense if one offense is included in the other. Section 46-11-410(2)(a), MCA. The

13

Court reasons that the facts alleged in the supporting affidavit, and the evidence presented, indicate that there were multiple instances of sexual conduct between Goodenough and his granddaughter, and thus, the conduct was continuing from year to year and may be charged separately. The Court cites *Darryl Hamilton*, ¶ 43, in support of its assertion that the prosecution is allowed to charge a defendant with separate offenses that may have been similar and may have continued over the course of several years. However, the Court merely acknowledges the result of *Darryl Hamilton* and not the applicable legal rule we announced.

¶31 We initially stated our rule in *State v. Weaver*, 1998 MT 167, ¶ 34, 290 Mont. 58, 964 P.2d 713, explained it in *State v. Harris*, 2001 MT 231, ¶ 12, 306 Mont. 525, 36 P.3d 372, and restated it in *Darryl Hamilton*, ¶ 42. When different criminal acts charged in one count raise "a genuine possibility . . . that different jurors will conclude a defendant committed disparate illegal acts subsumed under the single count," a unanimity instruction is required. *Id.* (citing *Weaver*, ¶ 34). The exception to the unanimity instruction requirement occurs in the event of a "continuing course of conduct." *Id.* We explained that where criminal acts "are so closely connected that they form part of one and the same transaction," no unanimity instruction is needed because the acts constitute only one offense. *Id.* Therefore, the pertinent inquiry is not how many events occurred or over what amount of time. The appropriate question is whether the events are so connected as to be considered one transaction for the purpose of prosecution.

¶32 As the Court correctly states, "a factual hallmark of separate offenses arises when acquittal on one charge will not affect the others." In *Darryl Hamilton*, a grandfather was

14

charged with eight different counts of incest. *Id*. at ¶ 45. Like Goodenough, Hamilton's actions continued from year to year and for many years. However, in *Darryl Hamilton*, "each act within the year formed the basis for a separate conviction." *Id*. That is, the events were not so connected that acquittal of the incest charge for one year would have affected the validity of the incest charge for any other year. *Id*. This is clearly not the case here. For example, the State could have charged Goodenough with sexual intercourse without consent for the years 2002 and 2003, and then charged him with sexual assault in the years 2004 and 2005. These charges would be based upon separate units of time and acquittal on one charge would not affect the validity of the other charges. However, the State chose to charge both counts based on a singular unit of time, that is, a continuing course of conduct from 2002 to 2005. As the Court here points out, there was a basis for a jury to conclude, as a *factual matter*, that there were separate transactions wherein Goodenough may have committed sexual assault without committing sexual intercourse without consent. However, as a *legal matter*, given the framing of the charges, and the court's instructions, the jury was not required to make that distinction. Rather, it was told to look at the entire time period of 2002 to 2005 as one transaction in which Goodenough simultaneously committed both sexual assault and sexual intercourse without consent. Contrary to the situation in *Darryl Hamilton*, acquittal on the sexual assault charge here would have affected the sexual intercourse without consent charge. That is, if Goodenough did not (as charged) commit the lesser-included offense of sexual assault from 2002 to 2005, he could not logically have committed the greater offense of sexual intercourse without consent during that same

15

time period. *Williams*, ¶¶ 23-30 (holding that the elements of sexual assault are a subset of those required to prove sexual intercourse without consent).

¶33　The conviction for sexual assault regarding the older girl (Count I) was in violation of § 46-11-410(2)(a), MCA. I would reverse and vacate that conviction and sentence.

/S/ W. WILLIAM LEAPHART

Justice James C. Nelson joins in the dissenting Opinion of Justice Leaphart.

/S/ JAMES C. NELSON