FILED

08/02/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0662

DA 15-0662

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 185

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JOSHUA JAMES ALLEN,

Defendant and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-14-504
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Colin M. Stephens, Nicholas K. Brooke, Smith & Stephens, P.C.;
Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General; Helena, Montana

Kirsten Pabst, Missoula County Attorney; Missoula, Montana

Submitted on Briefs:  June 22, 2016

Decided:  August 2, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Joshua James Allen (Allen) appeals from the denial of his motion to dismiss thirty-four of thirty-five charges of violating an order of protection by the Fourth Judicial District Court, Missoula County. We affirm.

¶2 Allen raises the following issues:

*1. Did the District Court err by denying the motion to dismiss multiple charges of violating an order of protection pursuant to § 46-11-410(2), MCA?*

*2. Did the District Court err by denying the motion to dismiss multiple charges of violating an order of protection on double jeopardy grounds?*

¶3 Because we conclude that Issue 2 was not preserved for appeal, we address Issue 1 only.

## PROCEDURAL AND FACTUAL BACKGROUND

¶4 On September 9th, 2014, Allen sent a series of messages by text, Facebook, and phone to his former girlfriend, B.D. B.D. had previously obtained an Order of Protection against Allen prohibiting him from contacting her. Allen sent B.D. a total of 35 individual messages in a two-hour period. B.D. alerted the police to the unwanted messages. The content of Allen's messages ranged from obscenities, to apologies, to admissions he was drinking, to declarations of love, to indications he knew B.D. had called the police.

¶5 The State charged Allen by Information with 35 counts of violating an Order of Protection under § 45-5-626, MCA. Allen moved to dismiss 34 of the 35 counts on the grounds that the offenses were "a continuing course of conduct" rather than a series of

2

individual crimes. The District Court denied the motion. Allen then entered a plea agreement with the State. Pursuant to the plea agreement, the State dropped all charges of violating an Order of Protection and Allen instead entered a guilty plea to one count of felony stalking. In the agreement, Allen reserved his right to appeal the denial of his motion to dismiss. He appeals.

## STANDARD OF REVIEW

¶6     A district court's denial of a motion to dismiss is reviewed de novo. *State v. Zink*, 2014 MT 48, ¶ 9, 374 Mont. 102, 319 P.3d 596 (citation omitted).

## DISCUSSION

¶7     *1. Did the District Court err by denying the motion to dismiss multiple charges of violating an order of protection pursuant to § 46-11-410(2), MCA?*

¶8     "When the same transaction may establish the commission of more than one offense, a person charged with the conduct may be *prosecuted* for each offense." Section 46-11-410(1), MCA (emphasis added). "A defendant may not, however, be *convicted* of more than one offense if . . . the offense is defined to prohibit a continuing course of conduct and the defendant's course of conduct was interrupted, unless the law provides that the specific periods of conduct constitute separate offenses." Section 46-11-410(2)(e), MCA (emphasis added).

¶9     Allen argues he could only be charged with one offense because his actions formed the same transaction and the crime of violating an order of protection is intended to prohibit a continuing course of conduct. Thus, according to Allen, § 46-11-410(2)(e),

MCA, quoted above, barred the State from charging him with multiple offenses for violating the order of protection. We disagree for two reasons.

¶10 First, we recently held that the statute criminalizing the violation of an order of protection—§ 45-5-626, MCA—is not "defined to prohibit a continuing course of conduct." *State v. Strong*, 2015 MT 251, ¶ 19, 380 Mont. 471, 356 P.3d 1078. Therefore, § 45-5-626, MCA, does not come within the multiple conviction prohibition stated in § 46-11-410(2)(e), MCA.[1]

¶11 Second, Allen fails to note the critical distinction between the two subsections of § 46-11-410, MCA, upon which this case turns. As emphasized in the quotations of the statute above, § 46-11-410(1), MCA, uses the word "prosecute[]," and, as we have explained, this provision "expressly allows a person to be charged with and prosecuted for multiple offenses arising out of the same transaction." *State v. Dixon*, 2000 MT 82, ¶ 49, 299 Mont. 165, 998 P.2d 544. In contrast, § 46-11-410(2), MCA, uses the word "convict[ion]," which "prohibits the State from **convicting** a defendant of more than one offense" if the offense is within the purview of § 46-11-410(2), MCA. *Dixon*, ¶ 49 (emphasis in original). By its plain language, § 46-11-410(2), MCA, is not implicated by the State's *charging* decisions. Rather, it is implicated only after a conviction is obtained, and even then, only when a defendant is convicted of multiple offenses. *See*

---

[1] The State notes that, in contrast to the defendant in *Strong*, who pled and was sentenced to three counts, Allen pled and was sentenced to only one count under the plea agreement, but does not argue that the issues raised here have been mooted by Allen's single conviction. Allen states in reply that, upon the denial of his motion to dismiss, he faced a "plethora of charges" that could have been sustained had he proceeded to trial and been convicted, and thus he "resolved this case through a plea agreement to one count of stalking."

4

*Dixon*, ¶¶ 48-50. Thus, even if a charged offense falls within its purview, § 46-11-410(2), MCA, provides no avenue for Allen to challenge the State's charging decisions because it does not prohibit the State from charging a defendant with more than one offense. *Dixon*, ¶ 49.

¶12 Although we have previously stated "a defendant may be prosecuted for more than one offense arising from the 'same transaction' unless the charges are among those described in subsection (2)," *Strong*, ¶ 17 (quoting *State v. Goodenough*, 2010 MT 247, ¶ 16, 358 Mont. 219, 245 P.3d 14), the issue in both *Strong* and *Goodenough* was not whether the State could *charge* multiple offenses, but instead whether a defendant could be *convicted* of multiple offenses, making it unnecessary in those cases to make this distinction. *Strong*, ¶¶ 16-19; *Goodenough*, ¶¶ 14-18.

¶13 Allen contends that if his argument is not accepted, "the statute could be used as an unreasonable weapon" because "if the matter is simply one of prosecutorial discretion or largesse, an overly zealous prosecutor could have levied an individual charge against Allen for every character typed into the text message." Allen raises a viable policy concern, but it is not for the judiciary to undertake review of the State's charging decisions absent a statutory or constitutional violation. *See Strong*, ¶ 23 ("Charging decisions are generally within the prosecutor's exclusive domain, and the separation of powers [doctrine] mandates judicial respect for the prosecutor's independence.") (internal quotations and citation omitted). By its plain language, § 46-11-410, MCA, is not violated, or even implicated, by the State's charging decisions, and therefore provides no

5

mechanism for courts to examine those decisions. The District Court correctly denied Allen's motion to dismiss thirty-four charges of violating an order of protection.

¶14 *2. Did the District Court err when it denied the motion to dismiss multiple charges of violating an order of protection on double jeopardy grounds?*

¶15 Allen made a passing reference to double jeopardy in his briefing before the District Court, but did not develop a constitutional argument. As such, Allen's constitutional claim is not preserved for our review. *See In re G.S.*, 2002 MT 245, ¶ 48, 312 Mont. 108, 59 P.3d 1063 (general references to constitutional provisions in the district court insufficient to preserve those issues for appeal).

¶16 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT