**FILED**

03/20/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0172

DA 17-0172

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 54

CARL MURPHY,

      Petitioner and Appellant,

    v.

WESTROCK COMPANY,

      Respondent and Appellee.

APPEAL FROM:    Montana Workers' Compensation Court, WCC No. 2016-3787
                   Honorable David M. Sandler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rex L. Palmer, Attorneys Inc., P.C.; Missoula, Montana

      For Appellee:

          Larry W. Jones, Wills Law Firm, P.C.; Missoula, Montana

                         Submitted on Briefs:  February 21, 2018

                                   Decided:  March 20, 2018

Filed:

                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Carl Murphy appeals the order entered by Workers' Compensation Court that granted summary judgment to WestRock Company on Murphy's claims. We reverse and remand for further proceedings, addressing the following:

> *Did the Workers' Compensation Court err by holding that a chiropractor may not make a medical determination regarding the claimant's 1991 work-related injury?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In December of 1991, Murphy suffered back, neck, and shoulder injuries while working at the Smurfit-Stone Container mill in Frenchtown, Montana. Smurfit-Stone accepted liability and Murphy treated his injury. The record indicates that Murphy reached maximum medical improvement in 1993 and treated intermittently into 1996. He began treating again in 1998 with Jim Helmer, Doctor of Chiropractic, when his symptoms increased after pushing a car. In May of 2016, Dr. Helmer, still treating Murphy regularly, opined that Murphy's symptoms, to a reasonable degree of medical certainty, were "consistent these past 18 years" and were "a direct result of his 1991 injury and [its] sequelae." Dr. Helmer recommended continued chiropractic care, a frequent-lifting restriction of 10 to 15 pounds, and an occasional-lifting restriction of 30 to 40 pounds. Based on Dr. Helmer's opinion, Murphy presented claims to WestRock, Smurfit-Stone's successor, for permanent partial disability and vocational rehabilitation benefits. WestRock denied Murphy's claim on the ground it was premised upon the medical determination of a chiropractor, rather than a physician, as required by the 1991 workers' compensation statutes.

2

¶3      Murphy filed a Petition in the Worker's Compensation Court. WestRock obtained an independent medical examination (IME) from Emily Heid, an orthopedic surgeon, who opined that, to a reasonable medical probability, Murphy's physical restrictions were unrelated to his 1991 occupational injury. WestRock moved for summary judgment, arguing the 1991 statutes required a "physician" to determine medical restrictions, that the 1991 definition of "physician" did not include chiropractors, and therefore, Dr. Heid's opinion was the only permissible determination in the record and legally unrebutted. Murphy responded that the definition of "physician" was revised in 1993 to include chiropractors, and argued that the new definition should be retroactively applied, citing this Court's decision in *EBI/Orion Grp. v. Blythe*, 281 Mont. 50, 931 P.2d 38 (1997), to permit consideration of Dr. Helmer's opinion, which would create a dispute of material fact regarding the causation of his injuries and render summary judgment improper.

¶4      The Workers' Compensation Court reasoned that *Blythe* could not be reconciled with our later holding in *Fleming v. Int'l Paper Co.*, 2008 MT 327, 346 Mont. 141, 194 P.3d 77, in which we stated there was "no exception" to the rule that procedural statutes "in effect on the date of the accident or injury control in workers' compensation cases." *Fleming*, ¶¶ 28, 26. The Workers' Compensation Court concluded it was bound to follow *Fleming* as this Court's most recent holding on the issue, and, thus, Murphy's claims were governed by the 1991 statutes, rendering Dr. Helmer's opinion inadmissible and Dr. Heid's opinion uncontested. It therefore granted summary judgment to WestRock. Murphy appeals.

3

**STANDARD OF REVIEW**

¶5 We review the Montana Workers' Compensation Court's conclusions of law for correctness. *Blythe*, 281 Mont. at 53, 931 P.2d at 39 (citations omitted).

**DISCUSSION**

¶6 *Did the Workers' Compensation Court err by holding that a chiropractor may not make a medical determination regarding the claimant's 1991 work-related injury?*

¶7 Under the 1991 workers' compensation statutes, a "permanent partial disability" required a physical restriction "medically determined" by a "physician," the definition of which did not include a chiropractor. Section 39-71-116(15)(a), (17), MCA (1991); *Weis v. Div. of Workers' Comp.*, 232 Mont. 218, 221, 755 P.2d 1385, 1387 (1988). Likewise, eligibility for rehabilitation benefits could not be established upon the opinion of a chiropractor, because the statutes also required a "physician" to certify the disability. Sections 39-71-2001(1)(b), -116(17), MCA (1991).

¶8 Revisions to the workers' compensation statutes by the 1993 Legislature replaced the term "physician" with "treating physician," which included licensed chiropractors. Section 39-71-116(30)(b), MCA (1993). Before the Workers' Compensation Court, WestRock conceded that, since 1993, chiropractors have been able to offer testimony as to a claimant's physical restrictions and ability to work in particular employments. *See* §§ 39-71-116(41)(b), -1101(2)(d), -703(1)(b), -1006(1)(a)(i), MCA (2017).

¶9 Murphy argues that, pursuant to *Blythe*, the definition of "physician" is a procedural provision, and thus the subsequent statutory inclusion of chiropractors within the definition of physician should be retroactively applied to his 1991 case to permit the use of

4

Dr. Helmer's opinion. He argues that our broad statement in *Fleming* to the effect that there was "no exception" to the application of procedural workers' compensation statutes in effect at the time of injury was incorrect as a matter of legal precedent, and also *obiter dictum*, unnecessary to the specific holding in *Fleming*.

¶10 In *Blythe*, we addressed whether psychologists were authorized to perform an IME under the governing workers' compensation statutes. *Blythe*, 281 Mont. at 53-54, 931 P.2d at 40. In so doing, we held that the definition of "treating physician" was a procedural provision, and that "the statutes in effect at the time of trial control when the subject is procedural rather than substantive." *Blythe*, 281 Mont. at 54, 931 P.2d at 40 (citing S*tate Comp. Ins. v. Sky Country*, 239 Mont. 376, 379, 780 P.2d 1135, 1137 (1989) (retroactively applyi ng procedural workers' compensation provision)). Consequently, we retroactively applied the 1993 definition of "treating physician" to Blythe's 1989 injury. *Blythe*, 281 Mont. at 54, 931 P.2d at 40.

¶11 WestRock argues that *Blythe* was impliedly overruled by *Fleming*, where we rejected retroactive application of a 2003 workers' compensation statute of limitation, reasoning that "[f]or almost 75 years, this Court has held that the statutes in effect on the date of the accident or injury control in workers' compensation cases . . . . We made no exception in these cases for statutes of limitation or other procedural statutes, and we decline to do so now." *Fleming*, ¶¶ 26, 28 (collecting cases). WestRock therefore argues that, in the context of workers' compensation, we have held broadly that statutes are not

5

retroactively applied and, thus, the definition of physician in effect at the time of Murphy's injury should control.

¶12 We must conclude that our statements in *Fleming*, particularly, to the effect that we had "made no exception" to the general rule applying workers' compensation statutes in effect on the date of the injury, was incorrect. *Fleming*, ¶ 28. Obviously, we had done so in *Blythe* regarding the very statute at issue here, and we did in *Sky Country* as well. Our statements in *Fleming* were also overbroad, extending generally to statutes that were not then before the Court. *Fleming*'s analysis and reasoning should have been limited to the narrow issue before us there, concerning which statute of limitation applied to the claim.

¶13 We conclude that *Blythe*'s holding was correct, and controls the outcome here. The definition of physician to be applied to Murphy's claim is the one provided in "the statutes in effect at the time of trial . . . ." *Blythe*, 281 Mont. at 54, 931 P.2d at 40. The Workers' Compensation Court correctly followed our most recent holding on the issue, but reversal is required because our over-broad analysis in *Fleming* was in error.

¶14 WestRock also argues that retroactive application of the subject statute would unconstitutionally impair the obligation of contract. Upon review of the record, we conclude that this constitutional issue was not properly preserved for appeal. While WestRock's briefing and oral argument contained a couple passing references to the issue, a developed argument, supported by authorities, was not presented to the Workers' Compensation Court. We have held that such arguments, especially involving

6

constitutional questions, are insufficient to preserve an issue for appeal. *State v. Allen*, 2016 MT 185, ¶ 15, 384 Mont. 257, 376 P.3d 791.

¶15 Reversed and remanded for further proceedings.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON