FILED

06/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0318

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0318

FILED

JUN 27 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

DAVID RUSSELL ALIFF,

Petitioner,

v.

ORDER

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

David Russell Aliff has filed a Petition for Writ of Habeas Corpus. Aliff contends that his convictions for sexual intercourse without consent and assault with a weapon, adjudged along with his conviction of attempted deliberate homicide, should be vacated, and his case remanded to the First Judicial District Court, Lewis and Clark County, for resentencing.

In January 1999, a jury convicted Aliff of attempted deliberate homicide and sexual intercourse without consent. The District Court sentenced Aliff to the Montana State Prison to two, consecutive life terms. The court imposed a sentencing enhancement of ten years for the use of a weapon during the commission of an offense, pursuant to § 46-18-221, MCA. In the written judgment, the court stated its intention was that Aliff was to spend the remainder of his life in Montana State Prison.

Aliff appealed, raising the singular issue of whether his "trial counsel was ineffective for not offering an alternative jury instruction regarding the offense of aggravated assault, resulting in unfair prejudice." *State v. Aliff*, 2001 MT 52, ¶ 2, 304 Mont. 310, 21 P.3d 624. We affirmed, concluding the issue was one of trial strategy. *Aliff*, ¶¶ 2, 13, 17. We reasoned:

> Aliff contended to the end that he did not perpetrate these crimes, that he was home resting peacefully in his bed with his wife at the time [M.H.] was

fighting for her life in sub-freezing temperatures, her throat cut from ear to ear with his knife, tire tracks marking her body from his car. Even in the face of a daunting evidentiary record, with [M.H.'s] blood found on his pants, his knife and his car, and his semen found in her body, Aliff did not claim that he only intended to assault [M.H.]. Rather, he claimed he was innocent because he did not commit the crimes with which he was charged or any other offense in connection with this incident. It is not ineffective assistance of counsel to not offer a jury instruction that is inconsistent with the defense. [*State v.*] *Gonzales*, 278 Mont. [525,] 532, 926 P.2d [705,] 710. We conclude the same here.

*Aliff*, ¶ 14.[1]

Aliff now contends these offenses were all part of the same transaction, pursuant to § 46-11-410, MCA, arguing the sexual intercourse without consent, use of a weapon, and attempted deliberate homicide "took place on a continuous basis, involved the same victim, and were all part of the same transaction . . . ." He also argues sexual intercourse without consent is a lesser included offense of deliberate homicide. He thus asserts that these convictions violate his right to be free from double jeopardy.

Aliff's positions lack merit. First, Aliff is improperly collaterally challenging his convictions after having exhausted the remedy of appeal, more than two decades ago. Section 46-22-101(2), MCA. Further, while he relies on our rulings in *Kills on Top* and *Lott*, his case is clearly distinguished from the petitioner in *Kills on Top*, concerning the felony murder rule, and in *Lott*, concerning a facial illegal sentence. *Kills on Top v. Guyer*, No. OP 18-0656, 2019 Mont. LEXIS 292, Order, at *8-10 (Jul. 31, 2019) and *Lott v. State*, 2006 MT 279, ¶¶ 19-20, 334 Mont. 270, 150 P.3d 337. A district court has statutory authority to impose an enhancement for use of a weapon when it is not an element of the underlying offense. Section 46-18-221(1), MCA. Lastly, Aliff has not shown how sexual intercourse without consent is a lesser included offense of attempted deliberate homicide. Sections 45-5-102(1)(b), and 45-5-503(1), MCA (1997). Aliff did not receive multiple

---

[1] Aliff has filed other pleadings with this Court. *See Aliff v. Mahoney*, No. 04-0174, Order denying petition for habeas corpus relief (Mont. May 4, 2004) and *State v. Aliff*, No. DA 08-0165, Order dismissing improper appeal (Mont. Dec. 10, 2008).

punishments for the same offense. *See State v. Goodenough*, 2010 MT 247, ¶ 25, 358 Mont. 219, 245 P.3d 14 ("Even if 'continuing course of conduct' and 'same transaction' meant the same thing, § 46-11-410, MCA, makes it clear that a defendant may be convicted of multiple offenses arising from the same transaction."). Thus, Aliff's double jeopardy rights have not been violated.

Aliff has not demonstrated a facially invalid sentence or illegal incarceration. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that the Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to David Russell Aliff personally.

DATED this 27 day of June, 2023.

_____

_____

_____

_____

_____
Justices

3